UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELSIOR METALS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>HAN-KWANG USA, INC., an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | 1:10-cv-2033 OWW SMS<br><br>SCHEDULING CONFERENCE ORDER<br><br>Discovery Cut-Off: 8/15/11<br><br>Non-Dispositive Motion Filing Deadline: 8/30/11<br><br>Non-Dispositive Motion Hearing Date: 9/30/11 9:00 Ctrm. 7<br><br>Dispositive Motion Filing Deadline: 9/15/11<br><br>Dispositive Motion Hearing Date: 10/17/11 10:00 Ctrm. 3<br><br>Settlement Conference Date: 8/23/11 10:30 Ctrm. 7<br><br>Pre-Trial Conference Date: 11/21/11 11:00 Ctrm. 3<br><br>Trial Date: 1/10/12 9:00 Ctrm. 3 (JT-10 days) |

I. Date of Scheduling Conference.

April 20, 2011.

II. Appearances Of Counsel.

Lang, Richert & Patch by Matthew W. Quall, Esq., appeared on

behalf of Plaintiff.

Baker Manock & Jensen, PC by Louis D. Torch, Esq., appeared on behalf of Defendants.

III. Summary of Pleadings.

1. On or about December 20, 2006 Excelsior and Han-Kwang entered into a sales agreement (hereinafter "Original Agreement") for the purchase and sale of two laser cutting machines and an automated loading/unloading system described as Hankwang Model FL3015 (hereinafter "the System"). Pursuant to the terms of the Original Agreement, Excelsior issued a $150,000.00 installment payment to Han-Kwang - which was to be applied against the $1,132,687.50 purchase price - on or about January 24, 2007 and the System was shipped to Excelsior shortly thereafter.

2. Subsequent to delivery and testing, Excelsior determined that the System did not perform to its satisfaction. After negotiation, the parties entered into a new agreement dated July 21, 2008 (hereinafter "Amended Agreement"). Under the Amended Agreement, Han-Kwang agreed to replace the existing loading/unloading system (hereafter "New System") and to substitute a new purchase price of $1,002,500.00 taking into account and crediting the previously issued $150,000.00 installment. Excelsior was to make an immediate payment of $625,000.00 upon execution of the Amended Agreement. Thereafter, two separate payments which would satisfy the remaining purchase price were contemplated. The first payment of $100,000.00 was to be issued if the New System met the "Successful System" installation and testing provisions articulated in the Amended

**Agreement.[1] The second payment of $127,500 was to be issued if the New System again met the "Successful System" requirements 90 days after the first successful test.**

**3. Excelsior claims that the New System failed to meet the requirements of a "Successful System" and therefore, it is absolved of any obligation to remit the final two payments under the Amended Agreement. Additionally, Excelsior claims that it is entitled to receive warranty services from Han-Kwang and in accord with the Amended Agreement, that it is entitled to keep the system at no additional cost. Excelsior also seeks compensation for damages incurred as a result of the alleged system failure, and for declaratory relief regarding its entitlement to warranty services. Contrarily, Han-Kwang contends that the New System performed satisfactorily, that Excelsior indicated to Han-Kwang that the New System met the standards of a "Successful System" as defined in the Amended Agreement, and that Excelsior's failure to remit payment is wrongful. Furthermore, Han-Kwang alleges that Excelsior has failed to reasonably and properly maintain the New System, dispensing with the requirement to render warranty services. Han-Kwang seeks to recover the final two payments totaling $227,500.00 plus interest, and for declaratory relief regarding its requirement to provide warranty**

---

**[1] Paragraph 8 of the Amended Agreement defines "Successful System" as one that would function for "24 hours of unmanned operation for two consecutive days subject to system operator's strict compliance with the operation guidelines as set out by Han Kwang and attached herewith as Exhibit B." Pursuant to the Amended Agreement all testing of the new system would take place six months from the execution of the Amended Agreement.**

services.

IV. Orders Re Amendments To Pleadings.

1. The parties do not anticipate amending the pleadings at this time.

V. Factual Summary.

A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.

1. Plaintiff Excelsior Metals, Inc., is a California corporation qualified to do and doing business in the State of California.

2. Han-Kwang USA, Inc., is an Illinois corporation doing business for the purposes of this lawsuit as alleged in the State of California.

3. It is uncontested that Excelsior and Han-Kwang entered into an agreement on or about December 20, 2006, for the purchase and sale of two laser cutting machines and an automated loading/unloading system (the "Original Agreement").

4. It is uncontested that the purchase price under the Original Agreement was $1,132,687.50. Further, it is uncontested that the loading/unloading system was installed and Excelsior made a $150,000.00 installment payment pursuant to the Original Agreement.

5. It is uncontested that Paragraph 8 of the Amended Agreement defines "Successful System" as one that would function for "24 hours of unmanned operation for two consecutive days subject to system operator's strict compliance with the operation guidelines as set out by Han-Kwang and attached herewith at Exhibit B." It is further uncontested that all testing of the

new system would take place six months from the execution of the Amended Agreement.

6. It is uncontested that Excelsior and Han-Kwang entered into an amended agreement dated July 21, 2008 (the "Amended Agreement"). The Amended Agreement called for a new loading/unloading system to be installed with a new purchase price of $1,002,500.00 to be paid in specified installments.

7. It is uncontested that the new loading/unloading system was installed and Excelsior paid the first installment of $625,000.00 pursuant to the Amended Agreement. It is further uncontested that Excelsior was to pay the sum of $100,000.00 upon the installation and successful testing of a "Successful System." It is further uncontested that Excelsior was to pay the remaining balance of $127,500.00 if the New System again met the "Successful System" provisions 90 days after the first successful test.

8. It is uncontested that Excelsior has not paid, nor has Han-Kwang received, the remaining $227,500.00 balance of the purchase price under the Amended Agreement.

9. It is uncontested that Paragraph 3 of the Amended Agreement states, "Seller shall include four (4) resonator rebuilt kits, operator training, documentation of machine, automation, and all alarms and system error codes with the new system."

B. Contested Facts.

1. All other facts are contested.

///

///

**VI. Legal Issues.**

**A. Uncontested.**

**1. Jurisdiction exists under 28 U.S.C. § 1332.**

**2. Venue is proper under 28 U.S.C. § 1391.**

**3. The parties agree, in this diversity action, the substantive law of the State of California provides the rule of decision.**

**4. It is undisputed that the prevailing party shall be entitled to attorneys fees as articulated in the Amended Agreement.**

**B. Contested.**

**1. It is disputed whether Excelsior and Han-Kwang performed all of their respective obligations under the Amended Agreement.**

**2. It is disputed whether Excelsior accepted the New System following initial testing of said system.**

**3. It is disputed whether Excelsior expressly waived the six month testing deadline.**

**4. It is disputed whether Excelsior is entitled to warranty service from Han-Kwang. Specifically, the parties dispute whether Paragraph 9 of the Amended Agreement is void and unenforceable.**

**VII. Consent to Magistrate Judge Jurisdiction.**

**1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.**

**VIII. Corporate Identification Statement.**

**1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent**

corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. The parties have met and conferred pursuant to this Court's order and Federal Rule of Civil Procedure 26(f).

2. The parties agree that Initial Disclosures will be made within 30 days after the Joint Scheduling Conference.

3. Plaintiff and Defendant propose to conduct discovery in accordance with the limits set forth by the Federal Rules of Civil Procedure.

4. Plaintiff and Defendant do not seek a timetable for discovery outside of the Court's scheduling order. The parties do not believe that discovery should be conducted in phases or limited to particular issues. Each party needs discovery on all areas relevant to its particular claims.

5. The parties propose that any expert witness exchange be simultaneous and that they be made sixty (60) days before the discovery cut-off date, with supplemental disclosure thirty (30) days later.

The following schedule is adopted for the case:

1. The parties' initial disclosures shall be made on or before May 18, 2011.

2. The parties are ordered to complete all non-expert discovery on or before June 15, 2011.

3. The parties are directed to disclose all expert

witnesses, in writing, on or before June 15, 2011. Any rebuttal or supplemental expert disclosures will be made on or before July 15, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4. The parties are ordered to complete all discovery, including experts, on or before August 15, 2011.

5. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts shall be fully prepared to be examined on all subjects and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before August 30, 2011, and heard on September 30, 2011, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not

obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

3. All Dispositive Pre-Trial Motions are to be filed no later than September 15, 2011, and will be heard on October 17, 2011, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

1. November 21, 2011, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court insists upon strict compliance with those rules.

XII. Motions - Hard Copy.

1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with protruding numbered or lettered tabs so that the Court can easily identify such exhibits.

XIII. Trial Date.

1. January 10, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. This is a jury trial.

3. Counsels' Estimate Of Trial Time:

a. Seven to ten days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1. Both parties have not agreed to the Voluntary Dispute Resolution Program, however, an early Settlement Conference will be set as soon as the parties believe enough discovery has been conducted. The parties are directed to contact the Courtroom Deputy for Sandra M. Snyder to schedule an early Settlement Conference.

2. A regular Settlement Conference is scheduled for August 23, 2011, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

3. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

4. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

**5. Confidential Settlement Conference Statement.** At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

6. The Confidential Settlement Conference Statement shall include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A summary of the proceedings to date.

d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

e. The relief sought.

f. The parties' position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

///

**XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.**

1. If the parties agree, the case shall be phased. In the event they do not agree, the issue shall be addressed by motion in limine.

**XVI. Related Matters Pending.**

1. There are no related matters.

**XVII. Compliance With Federal Procedure.**

1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

**XVIII. Effect Of This Order.**

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief

requested.

3. Failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated: April 20, 2011**

**/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE